UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Edward Febrez, ) | Crim. No.: 4:08-cr-01165-RBH-1 |
| ) | Civil Action No.: 4:16-cv-01687-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner James Edward Febrez's [ECF No. 217] motion for reconsideration of the portion of the August 14, 2017 Order denying a certificate of appealability in his case. For the reasons stated below, the Court denies Petitioner's motion for reconsideration.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

On August 14, 2017, the Court denied Petitioner's motion to vacate under 28 U.S.C. § 2255 after finding that Petitioner was not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement and not the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court did not reach the

issue of whether Petitioner's prior conviction for Threatening a Public Official qualified as a "violent felony" under the "force clause" of 18 U.S.C. § 924(e). The Court also denied a certificate of appealability.

Motions to alter or amend under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered.*" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Petitioner argues the Court's procedural ruling (that his Rule 11(c)(1)(C) plea agreement bars relief under *Johnson*) is debatable and cites to *Cox v. United States*, 2016 WL 552350 (E.D. Tenn. Feb. 10, 2016), which states:

> A unique consequence of *Johnson* is that prisoners improperly subjected to § 924(e)'s mandatory statutory minimum are uniformly left with sentences, stipulated or not, exceeding the congressionally authorized maximum punishment sanctioned for non-ACCA violations of § 922(g)(1). The plain language of § 2255 itself reveals that such claims are quintessentially within the scope of the provision because they challenge a sentence "imposed in violation of the Constitution[,] ... that the court was without jurisdiction to impose [, and] ... in excess of the maximum authorized by law." 28

2

U.S.C. § 2255(a).

*Cox*, 2016 WL 552350 at *2 n.2. The Court does not disagree with Petitioner's argument that there is some debate regarding the effect of a Rule 11(c)(1)(C) plea agreement on a claim that a defendant was improperly sentenced as an armed career criminal under ACCA following *Johnson*. While the Court's procedural ruling may be debatable as indicated in *Cox*, Petitioner has failed to show that his petition states a debatable claim of the denial of a constitutional right because his conviction for Threatening the Life of a Public Official clearly qualifies as a "violent felony" under the "force clause" of the ACCA.

Petitioner's underlying constitutional claim is that he was improperly classified as an armed career criminal under the ACCA and that he is no longer an armed career criminal in the wake of *Johnson*. Specifically, Petitioner claims that his prior South Carolina conviction for Threatening the Life of a Public Official no longer qualifies as a "violent felony" after *Johnson*.

The term "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is referred to as the "force clause." Subsection (ii), which references "burglary, arson, or extortion, involves use of explosives," is referred to as the "enumerated clause." The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," is no longer valid pursuant to the U.S. Supreme

3

Court's holding in *Johnson*.

To determine whether Petitioner was properly classified as an armed career criminal, the Court must determine whether the South Carolina offense of Threatening the Life of a Public Official qualifies as a "violent felony" under the "force clause," i.e. whether Threatening the Life of a Public Official "has an element the use, attempted use, or threatened use of physical force against the person of another."[1]

The South Carolina crime of Threatening the Life of a Public Official is codified at S.C. Code Ann. § 16-3-1040, and provides:

> (A) It is unlawful for a person knowingly and wilfully to deliver or convey to a public official or to a teacher or principal of an elementary or secondary school any letter or paper, writing, print, missive, document, or electronic communication or verbal or electronic communication which contains a threat to take the life of or to inflict bodily harm upon the public official, teacher, or principal, or members of his immediate family if the threat is directly related to the public official's, teacher's, or principal's professional responsibilities.
>
> (B) It is unlawful for a person knowingly and wilfully to deliver or convey to a public employee a letter or paper, writing, print, missive, document, or electronic communication or verbal or

---

[1] To determine whether a state crime qualifies as a violent felony under the ACCA's force clause, the Court must apply the categorical approach described by the Supreme Court in *Descamps v. United States*, ––– U.S. ––––, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Under the categorical approach, the court considers whether the state crime at issue has as an element the "use, attempted use, or threatened use of physical force against the person of another" and does not consider the particular facts underlying the defendant's conviction. *Descamps*, 133 S.Ct. at 2283 (citing *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). The Supreme Court has defined the term "physical force" as used in the ACCA as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (*Johnson I*).

In evaluating whether a state offense requires the use, attempted use, or threatened use of physical force, federal courts must rely on the interpretation of the offense rendered by the courts of the state in question. *See United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017); *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016). Courts look to the "minimum conduct" required to obtain a conviction for the state crime in order to determine whether that state crime involves the use, attempted use, or threatened use of physical force. *Doctor*, 842 F.3d at 308.

4

> electronic communication which contains a threat to take the life of
> or to inflict bodily harm upon the public employee or members of
> his immediate family if the threat is directly related to the public
> employee's official responsibilities.

S.C. Code Ann. § 16-3-1040.

Petitioner's sole argument that Threatening the Life of a Public Official is not a violent felony under the force clause is premised on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), and the idea that "a threat of injury or death is not the same as a threat to use physical force." [Petitioner's Memorandum in Support of § 2255 Motion to Vacate, ECF No. 178-1 at 11]. Petitioner argues that a threat to poison someone, for example, does not have as an element the use of force or threatened use of force because it does not involve a threat to use direct physical force. In *Torres-Miguel*, the Fourth Circuit stated "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force . . . threatening to poison another . . .involves no use or threatened use of force." *Torres-Miguel*, 701 F.3d at 168-69.

However, after *Torres-Miguel*, the United States Supreme Court decided *United States v. Castleman*, 134 S.Ct. 1405 (2014), and observed that when a defendant uses poison against another person, the relevant "use of force" "is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. *That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter.*" *Castleman*, 134 S.Ct. at 1415 (emphasis added).

The Fourth Circuit has recognized that *Castleman* abrogated the principle stated in *Torres-Miguel*. *See In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) (stating "the distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison

5

'involves no use or threatened use of force,' no longer remains valid in light of *Castleman's* explicit rejection of such a distinction"); *United States v. Burns-Johnson*, 864 F.3d 313 (4th Cir. 2017) (stating "[a]s we held in *In re Irby*, 858 F.3d 231, 235-38 (4th Cir. 2017), this language in *Castleman* abrogates our statement in *Torres-Miguel* that the use of poison would not constitute the use of force under *Johnson I*").

"[O]ne cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another." *Irby*, 858 F.3d at 238. It is equally true that one cannot "threaten" to take the life of another human being without "threatening" the use of physical force capable of causing physical pain or injury to another. A South Carolina conviction for Threatening the Life of a Public Official has as an element the "use, attempted use, or *threatened* use of physical force against the person of another" because the statute requires, at a minimum, a "threat to take the life of or to inflict bodily harm upon a public official or public employee." Threatening to take the life of another or to inflict bodily harm is precisely the type of violent conduct encompassed by the "force clause."

Further, as noted by the government, the South Carolina crime of Threatening the Life of a Public Official is comparable to the federal crime of "Mailing Threatening Communications" under 18 U.S.C. § 876. Mailing Threatening Communications under 18 U.S.C. § 876 has previously been held to constitute a "violent felony" under the "force clause" of the ACCA and a "crime of violence" under the identically worded "force clause" of the Sentencing Guidelines. *See United States v. Muniz*, No. 15-1001, 2016 WL 80630, at *1 (3rd Cir. Jan. 7, 2016), cert. denied, No. 15-8879, 2016 WL 1394220 (U.S. May 16, 2016) (applying the categorical approach and holding that mailing a threatening letter under 18 U.S.C. § 876(c) was considered a "crime of violence" as it

"has as an element the use or threatened use of physical force."); *United States v. Spring*, 108 F. App'x 116, 123 (4th Cir. 2004) (recognizing that threatening violent crime is itself a "violent crime" under the language of the Sentencing Guidelines); *United States v. Stoker*, 706 F.3d 643, 648 (5th Cir. 2013) (holding that 18 U.S.C. § 876(c) "has, as an element, the threat of physical force inherent in threatening to injure 'the person' of the victim."); *United States v. Tessmer*, 659 F.3d 716, 717 (8th Cir. 2011) ("[O]ur precedent establishes that mailing a threatening communication in violation of 18 U.S.C. § 876(c) is categorically a crime of violence because it has as an element the 'threatened use of physical force against the person' of another."); *United States v. Left Hand Bull*, 901 F.2d 647 (8th Cir. 1990) (holding that 18 U.S.C. § 876(c) meets the "force" requirements under the guidelines "regardless of whether defendant had ability to contemporaneously act upon his threat"); *United States v. Spangle*, 617 F. App'x 764, 765 (9th Cir. 2015), cert. denied, 136 S. Ct. 1506 (2016) ("By its plain terms, a 'threat to injure the person' of another categorically constitutes the 'threatened use of physical force against the person of another'").

Petitioner's prior South Carolina conviction for Threatening the Life of a Public Official is a "violent felony" under the ACCA's "force clause" because it has an element the use, attempted use, or threatened use of physical force against the person of another. Petitioner was properly classified as an armed career criminal under the ACCA. The Court continues to believe that Petitioner's sentence was not based on the ACCA, but was based on a contractual agreement between Petitioner and the government that involved the dismissal of other serious charges. For that reason, Petitioner should not be able to now claim that his sentence is illegal. The Court does, however, recognize that some courts have taken a different approach with respect to Rule 11(c)(1)(C) plea agreements and *Johnson* claims. Nevertheless, in this case, Petitioner is not entitled to a certificate of

appealability because he has failed to show that his underlying motion to vacate states a debatable claim of the denial of a constitutional right.

For those reasons, Petitioner James Edward Febrez's [ECF No. 217] motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

October 20, 2017  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
 United States District Judge